IGLESIA CATÓLICA, APOSTÓLICA Y ROMANA DE PUERTO RICO, DIÓCESIS DE SAN JUAN, Plaintiff and Appellee, *v.* JOSÉ PUIG MORALES, Defendant and Appellant.

No. 7963. Argued April 24, 1939.—Decided June 7, 1939.

*Francisco González Fagundo,* for appellant; *Arturo Aponte,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Against an order approving a bill of costs the defendant filed this appeal. Although he filed the statement of the case and bill of exceptions in the lower court on July 31st, 1938, it has not been as yet approved by the acting judge who rendered the order appealed from. For this reason said statement of the case has not been brought up to this Court.

On March 18th, 1939, the plaintiff appellee filed a motion before this court requesting the dismissal of the appeal as frivolous.

Although we do not have the statement of the case the nature of the questions involved and the record before us puts us in a condition to be able to determine if in fact the appeal is frivolous as the appellee sustains.

The bill of costs on which this appeal is based as it was filed by the complainant appellee, is as follows:

| | |
|---|---|
| Secretary's fees | $5.25 |
| Expenses in serving subpoena | 1.00 |
| Witnesses' fees | 8.28 |
| Paid for certified copies of deeds | 22.88 |
| Paid for the stenographic record | 46.50 |
| Attorney's fees | 1,200.00 |

The defendant appellant opposed the dismissal and to this effect on April 24th, 1939 he filed a motion which in its pertinent part states as follows:

"That he opposes the motion to dismiss filed by the complainant because in reality the appeal is not frivolous as from the very certificate issued by the Secretary of the District Court of Humacao, and which is attached to said motion, it appears that the bill of costs was attacked for several reasons which are inserted in the order of the judge, among them, that the witnesses' fees have not been claimed nor collected by anybody and that the amount of $1,200.00 for attorney's fees is excessive, and this party also alleges that the $350.00 that the judge assessed is also excessive since this is a matter of very little importance.

"That the question of the attorney's fees, whether or not they are excessive, cannot be decided unless this Honorable Supreme Court

has before it the transcript of the appeal (sic) in order to be able to judge whether or not the lower court committed an error in assessing the attorney's fees in the sum of $350.00.''

It does not appear either from the motion opposing the dismissal filed in this court by the defendant appellant, that the first two items have been attacked.

■ In regard to the third item, that is, the amount of $8.28 as witnesses' fees, the defendant appellant alleges that said ''witnesses' fees have not been claimed nor collected by anybody.''

Said item appears in the bill of costs which necessarily means that the complainant claims them, and it is the complainant who may and should claim them, according to Section 329 of the Code of Civil Procedure.

In regard to this item the lower court in its order on which this appeal is based, said:

''In regard to the attack made to the witnesses' fees, *it clearly appears from the record that they appeared before this court,* and as it is within the judicial knowledge of this court that the amount of $2.07 is the amount paid to each witness who come from Caguas to Humacao, *and that four witnesses were present at the trial,* the amount of $8.28 charged in said bill of costs is correct and should be approved.'' (Italics supplied).

We have nothing to add to what has already been said by the judge of the lower court in regard to this item.

■ In regard to the fourth item, that is, the one of the fees paid for two copies of deeds and which amounts to $22.98, the court approved it only in regard to the fees of the copy of the deed of sale No. 12 executed in Caguas by Rosalía Santiago widow of Polanco in favor of Cipriano Manrique on the 10th of February of 1906, thereby reducing said item to $14.60, which are the fees paid for the copy of said deed. The appellant says nothing in regard to this item and the lower court made no comment in regard to the same; but from the opinion of this court in the appeal which was filed against the judgment, *Catholic Church* v. *Puig,* 52

P.R.R. ____, it appears that one of the errors alleged by the appellant was the admission in evidence of the aforesaid deed. Therefore, there can be no doubt whatsoever that said deed was presented in evidence and this being so, the appellee could include in its bill of costs the amount paid by it for a copy of said document.

██ Referring to the item of $46.50 as stenographer's fees, the lower court in its order on which this appeal is based, states:

"In regard to the fees of the stenographer of the court for a certified copy of the record of the trial in this case, it was proven as a matter of fact that the stenographer collected his fees amounting to $46.50, and in regard to the right that the complainant has to collect the same, this appears clear, according to the jurisprudence of our Supreme Court."

To sustain its conclusion the lower court cites the cases of *Finlay* v. *Fabián,* 25 P.R.R. 45; *López* v. *American R. R.* 25 P.R.R. 248; and *Cortés & Segura, Inc.* v. *Cortés,* 43 P.R.R. 452.

The right of the appellee to collect what it has paid the stenographer for the stenographic record is perfectly upheld by the cases cited by the lower court.

██ Turning now to the item for attorney's fees in which $1,200 were claimed, the lower court in reducing it to $350 stated as follows:

"In regard to the item Attorneys Fees the court thinks that taking into consideration all the principal elements which should be considered according to the constant jurisprudence of our Supreme Court, the amount of $350.00 is a reasonable amount in this case and the court lowers said item to $350.00 ...."

The judgment in this case was rendered by the lower court before Act No. 69 of May 11th, 1936 (Laws of that year, (1) page 353) amending Section 339 of the Code of Civil Procedure, was approved, and the bill of costs and the opposition thereto were filed in the court *a quo* before we

decided the case of *Mason* v. *White Star Bus Line, Inc.*, 53 P.R.R. ____. It is due to this that the principal element of opposition to the bill of costs is motivated by the mistaken belief that Act No. 69, *supra,* being applicable, the bill of costs had been tardily filed, and that the complainant appellee could not claim attorney's fees in the bill of costs. This is a question that has been definitely decided against the defendant appellant in said case of *Mason* v. *White Star Bus Line, Inc.*, and several others which have followed it.

We have examined the case of *Iglesia Católica* v. *Puig, supra,* in which the services were rendered for which attorney's fees are claimed in the bill of costs, and taking into consideration the different point of law raised by the defendant, the professional standing of the attorneys of both parties, and the other circumstances stated by the judge of the lower court in the order appealed from in regard to this item, we are convinced that there was no abuse of discretion in assessing in $350 the attorney's fees of the complainant.

▮ What we have stated brings us to the conclusion that the appeal filed by the appellant is frivolous and that there is no use in keeping pending until the appeal is perfected the order appealed from, which was rendered on April 29th, 1938, since the conclusions which we must reach will undoubtedly be the same that we have stated herein. Therefore, the appeal should be dismissed as frivolous.